ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2014 JAN 15 PM 1:56

CLERK _____
SO. DIST. OF GA.

| | |
|---|---|
| DUNCAN STONE, | ) |
| Plaintiff, | ) |
| v. | ) CV 312-091 |
| DR. MARK PEACOCK, Practicing Dentist for Wheeler Correctional Facility, et al., | ) |
| Defendants. | ) |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 39). The Magistrate Judge recommended denying the motion to dismiss filed by Defendant Dr. Sharon Lewis, Medical Director for the Georgia Department of Corrections. (Doc. no. 37.) In the R&R, the Magistrate Judge found that discovery was needed to determine Defendant Lewis' involvement, if any, in the alleged constitutional violations, and that she was not entitled to qualified immunity at this point in the proceedings. (Id.) Defendant Lewis asserts that the Magistrate Judge erred (1) by failing to consider the Georgia Department of Corrections' Standard Operating Procedures ("SOP") pertaining to dental care; (2) by failing to find that the denture policy at Wheeler Correctional Facility ("WCF") is not unconstitutional; (3) by finding that Defendant Lewis had denied Plaintiff's dental grievance; and (4) by finding that Defendant Lewis is not entitled to qualified immunity. (Doc. no. 39, pp. 3-7.)

As to the first contention of error, the SOP provisions cited by Defendant Lewis are not inconsistent with the Magistrate Judge's findings. Defendant Lewis claims they show that the Dental Director is responsible for policies regarding dentures, not the Medical Director. (Doc. no. 39, p. 4.) However, the SOP provisions do not indicate who is involved in the formation of such policies, nor do they state who is responsible for handling appeals of grievances pertaining to dental care. (See doc. no. 34-1.) Importantly, the SOP provisions do not indicate who is responsible for formation or oversight of WCF's denture policy, which the Magistrate Judge cited in finding that Plaintiff's allegations of personal participation by Defendant Lewis were sufficient to establish a causal connection at this point in the proceedings. (Doc. no. 37, p. 6.) Therefore, Defendant Lewis' first contention of error provides no reason to deviate from the Magistrate Judge's findings.

Defendant Lewis next argues that WCF's denture policy is not unconstitutional under Farrow v. West, 320 F.3d 1235, 1244 (11th Cir. 2003). Although the court in Farrow stated that a need for dentures does not necessarily amount to a serious medical need in every case, this does not contradict the Magistrate Judge's finding that Plaintiff sufficiently alleged a constitutional violation to avoid his case being dismissed without an answer from Defendant Lewis. (Id.) Indeed, the court's reasoning in Farrow supports the conclusion that discovery is needed to determine whether the alleged delay in this case amounts to a serious medical need. See Farrow, 320 F.3d at 1244.

Likewise, Defendant Lewis' assertion that she is entitled to qualified immunity provides no reason to deviate from the Magistrate Judge's findings, as this argument is also based on Farrow and was already addressed in the R&R. (Doc. no. 37, p. 9.)

2

Defendant Lewis also argues that the Magistrate Judge erred "in accepting Plaintiff's conclusory allegation that it must have been Defendant Lewis that denied Plaintiff's dental grievance . . . ." (Doc. no. 39, p. 5.) However, the Magistrate Judge did not find that Plaintiff's allegation was true, only that Defendant Lewis' involvement was a fair inference, "especially when one also considers that (1) the amended complaint alleges Plaintiff's appeal was denied informally and not in writing; and (2) Defendant apparently did issue a written denial of Plaintiff's appeal with respect to his grievance concerning inadequate medical care at WCF for his shoulder condition." (Doc. no. 37, p. 7.) The Magistrate Judge further stated, and the Court agrees, that "[d]iscovery is needed to determine Defendant's actual role, if any, in events that relate to Plaintiff's claim."

Therefore, Defendant Lewis' objections are **OVERRULED**, and the Magistrate Judge's R&R is **ADOPTED** as the opinion of the Court. Accordingly, Defendant Lewis' motion to dismiss is **DENIED** (doc. no. 30). Consistent with Federal Rule of Civil Procedure 12(a)(4)(A), Defendant Lewis shall file an answer to Plaintiff's amended complaint within 14 days of the date of this Order. Upon the filing of Defendant Lewis' answer, the Clerk shall issue a Scheduling Notice setting the deadlines in this case.

SO ORDERED this 15 day of January, 2014, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE