IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| DUNCAN STONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 312-091 |
| ) | |
| DR. MARK PEACOCK, Practicing Dentist ) | |
| for Wheeler Correctional Facility, et al., ) | |
| ) | |
| Defendants. ) | |

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate incarcerated at Wheeler Correctional Facility ("Wheeler") in Alamo, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983 and is proceeding *pro se* and *in forma pauperis*. Presently before the Court is a motion for summary judgment filed by Defendants Clark and Peacock.[1] (Doc. no. 40.) Upon consideration of all facts and arguments presented by the parties, and for the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the motion for summary judgment be **GRANTED**, and that a final judgment be **ENTERED** in favor of Defendants Clark and Peacock.

---

[1] The remaining Defendant, Sharon Lewis, does not join Defendants Clark and Peacock in this motion.

## I. FACTS[2]

In May 2011, while Plaintiff was incarcerated at Coastal State Prison, a dentist pulled out all of his upper teeth and all but six of his lower teeth and told him he would be provided with dentures in four months. (Doc. no. 42, p. 1.) During subsequent visits to the dentist at various facilities, Plaintiff was informed that he had been placed on a waiting list for dentures. (Id.) On June 24, 2011, Plaintiff was transferred to Georgia State Prison, where he was again informed that he had been placed on a waiting list for dentures and would be called when ready. (Doc. no. 14, p. 8; doc. no. 40, p. 12.)

On February 20, 2012, while he was at Georgia State Prison, Plaintiff filed a grievance concerning the delay in receiving dentures. (Doc. no. 40, pp. 2, 13; doc. no. 42, p. 1.) On March 15, 2012, Plaintiff was transferred to Wheeler, where he saw Defendant Peacock, a dentist at Wheeler, and was again told that he was on a waiting list for dentures. (Doc. no. 40, p. 2; doc. no. 42, p. 1.) On April 6, 2012, Plaintiff received a response to his grievance from the warden at Georgia State Prison, which was provided to him by the grievance coordinator at Wheeler, Myrtle Evans. (Doc. no. 42, p. 1.) Ms. Evans helped Plaintiff file an appeal of the rejection of his Georgia State Prison dental grievance. (Id. at 1-2.)

Prior to Plaintiff filing this lawsuit, Defendant Peacock provided him with dental care to address the pain he experienced from chewing food without dentures. (Id. at 2-3.) Plaintiff also wrote to Defendant Clark, the health services administrator at Wheeler,

---

[2] Where Plaintiff has failed to properly dispute a material fact in Defendants' statement, the Court has deemed that fact undisputed. See Fed. R. Civ. P. 56(e); Williams v. Slack, 438 F. App'x 848, 849 (11th Cir. 2011) (*per curiam*).

complaining about his dental problems.  (Id. at 3.)  Defendants Clark and Peacock both told Plaintiff that he was still on the waiting list for dentures.  (Id. at 2-3.)  Plaintiff did not file a grievance at Wheeler regarding the dental care he received from Dr. Peacock or the delay in receiving dentures.  (Doc. no. 40, pp. 2, 13; doc. no. 42, pp. 2-3.)  Plaintiff did, however, file a grievance at Wheeler regarding back pain stemming from an alleged shoulder condition.[3]  (Doc. no. 40, p. 13.)

Plaintiff thereafter filed his initial complaint, dated September 17, 2012.  (Doc. no. 1.)  After Plaintiff filed an amended complaint, Defendants Clark and Peacock filed a joint answer on May 9, 2013.  (Doc. nos. 14, 23.)  On October 15, 2013, Plaintiff did finally receive dentures.  (Doc. no. 40, p. 15.)  In the instant motion for summary judgment, Defendants assert that Plaintiff failed to exhaust his administrative remedies, and that Defendant Clark is not subject to supervisory liability.  (Doc. no. 40.)  Plaintiff does not challenge the fact that he did not file a grievance at Wheeler regarding the dental care he received under Defendants Clark and Peacock or the delay in receiving dentures.  (See doc. no. 42, p. 1.)  Rather, Plaintiff argues he was not obligated to pursue administrative remedies at Wheeler, because he had filed a grievance regarding his dental issues at Georgia State Prison, appealed the grievance while incarcerated at Wheeler, and Defendants Clark and Peacock were both aware of his dental problems.  (Doc. no. 42, pp. 2-3; doc. no. 44, pp. 1-2.)

---

[3] By Order dated March 26, 2013, the District Court dismissed Plaintiff's deliberate indifference claim based on lack of treatment of his shoulder condition, as well as several other claims not related to Plaintiff's medical treatment.  (Doc. no. 19.)

3

## II.     DISCUSSION

### A.     Summary Judgment Standard

Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). Applicable substantive law identifies which facts are material in a given case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When seeking summary judgment, the movant must show, by reference to materials on file, that there are no genuine issues of material fact to be decided at a trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). Only disputes about material facts are important. That is, "[t]he mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1244 (11th Cir. 2003) (citation omitted). If the burden of proof at trial rests with the movant, to prevail at the summary judgment stage, the movant must show that, "on all the essential elements of its case . . . , no reasonable jury could find for the nonmoving party." United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1438 (11th Cir. 1991) (*en banc*).

On the other hand, if the non-moving party has the burden of proof at trial, the movant may prevail at the summary judgment stage either by negating an essential element of the non-moving party's claim or by pointing to specific portions of the record that demonstrate the non-moving party's inability to meet its burden of proof at trial. Clark, 929 F.2d at 606-08 (explaining Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970)

and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986)). Merely stating that the non-moving party cannot meet its burden at trial is not sufficient. <u>Id.</u> at 608. Evidence presented by the movant is viewed in the light most favorable to the non-moving party. <u>Adickes</u>, 398 U.S. at 157.

If the moving party carries the initial burden, then the burden shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." <u>Clark</u>, 929 F.2d at 608. The non-moving party cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint. <u>Morris v. Ross</u>, 663 F.2d 1032, 1034 (11th Cir. 1981). Rather, the non-moving party must respond either by affidavits or as otherwise provided in Fed. R. Civ. P. 56. "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." <u>Anderson</u>, 477 U.S. at 255 (quoting <u>Adickes</u>, 398 U.S. at 158-59). A genuine dispute as to a material fact is said to exist "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Id.</u> at 248.

**B.    The Administrative Grievance Process**

The grievance procedures available to prisoners at Wheeler are established by the Georgia Department of Corrections' Standard Operating Procedure ("SOP") IIB05-0001 that became effective on June 1, 2004. Once an inmate has unsuccessfully attempted to resolve a complaint through discussion with the staff involved, the administrative remedies procedure commences with the filing of an informal grievance. SOP IIB05-0001 § VI(B). The inmate has ten calendar days from "the date the offender knew, or should have known, of the facts giving rise to the grievance" to file the informal

grievance.  SOP IIB05-0001 § VI(B)(5).  The timeliness requirements of the administrative process may be waived upon a showing of good cause.  See id. §§ VI(C)(2) & (D)(2).  The prison must respond to the informal grievance within ten calendar days of its receipt by the inmate's counselor, and the informal grievance procedure must be completed before the inmate will be issued a formal grievance.  Id. §§ VI(B)(12)-(13).

If unsatisfied with the resolution of his informal grievance, an inmate must complete a formal grievance form and return it to his counselor within five business days of his receipt of the written resolution of his informal grievance.  Id. § VI(C)(2).  Once the formal grievance is given to the counselor, the Warden/Superintendent has 30 calendar days to respond.  Id. § VI(C)(14).  If the inmate is not satisfied with the Warden's response to the formal grievance, he has five business days from the receipt of the response to file an appeal to the Office of the Commissioner, which has 90 calendar days after receipt of the grievance appeal to respond.  Id. §§ VI(D)(2) & (5).  The grievance procedure is terminated upon the issuance of a response from the Commissioner's Office.  See id. § VI(D).

### C. The PLRA Exhaustion Requirement

Section 1997e(a) of the Prison Litigation Reform Act ("PLRA"), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The PLRA's mandatory exhaustion requirement "applies to all

prisoners seeking redress for prison circumstances or occurrences." Porter v. Nussle, 534 U.S. 516, 520 (2002). Moreover, the Court does not have discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate. Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998).

Furthermore, the PLRA "requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006). In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must also comply with any administrative "deadlines and other critical procedural rules" along the way. Id. at 90 (internal quotation omitted). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005), *cert. denied*, 548 U.S. 925 (2006).

Also, because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, the Eleventh Circuit requires prisoners to complete the administrative process *before* initiating suit. Poole v. Rich, 312 F. App'x 165, 166 (11th Cir. 2008) (*per curiam*); see also Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (*per curiam*).[4] Finally, under the PLRA, the Court has no discretion to inquire into whether administrative remedies are "plain, speedy, [or] effective." Porter, 534 U.S.

---

[4] Other federal circuits have similarly held that the PLRA does not allow a plaintiff to exhaust administrative remedies while his case is pending. See McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002); Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002); Neal v. Goord, 267 F.3d 116, 121-22 (2d Cir. 2001); Lee v. Lappin, No. 04-5008, 2004 WL 1701045 (D.C. Cir. July 29, 2004); Freeman v. Francis*,* 196 F.3d 641, 645 (6th Cir. 1999); Perez v. Wisconsin Dep't of Corr.*,* 182 F.3d 532, 538 (7th Cir. 1999).

at 524; see also Alexander, 159 F.3d at 1326. Rather, under the PLRA's "strict exhaustion" requirement, administrative remedies are deemed "available" whenever "'there is the possibility of at least some kind of relief.'" Johnson, 418 F.3d at 1155, 1156.

### D.     Plaintiff's Failure to Exhaust

Although Plaintiff indicates he filed a grievance regarding dental care on February 20, 2012, he does not indicate where he was incarcerated when he filed this grievance. (Doc. no. 42, p. 1.) More importantly, he does not dispute Defendant's statement of material fact that he filed the grievance while at Georgia State Prison and never filed a grievance regarding dental care at Wheeler. (See id.) As such, Plaintiff did not provide officials at Wheeler an opportunity to address his complaints against Defendants Clark and Peacock internally before bringing this lawsuit. See Porter, 534 U.S. at 524-25 (by enacting § 1997e(a), "Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."); Johnson, 418 F.3d at 1159 (one of the aims of § 1997e(a) is to "spur the corrective action that might [obviate] the need for litigation"). Because it is undisputed that Plaintiff did not even initiate—much less complete—the administrative grievance process at Wheeler before filing this lawsuit against the facility's officials, he did not properly exhaust his administrative remedies. Higginbottom, 223 F.3d at 1261.

Plaintiff argues that he was not required to file a grievance at Wheeler to exhaust his administrative remedies, and that the dental grievance he filed at Georgia State Prison, which he appealed while at Wheeler, was sufficient. (Doc. no. 42, pp. 2-3.)

However, a complaint filed with the wrong party does not constitute exhaustion. Kozuh v. Nichols, 185 F. App'x 874, 878 (11th Cir. 2006) (*per curiam*). Furthermore, because Plaintiff filed his dental grievance before he was under the care of Defendants Clark and Peacock, that grievance is unrelated to the claims he raises against them in this lawsuit. Plaintiff is not excused from exhausting the remedies available to him at Wheeler simply because he had previously filed a grievance at a different facility. See Bryant v. Rich, 530 F.3d 1368, 1379 (11th Cir. 2008) (plaintiff failed to exhaust administrative remedies by failing to file grievance at new facility following transfer); Miller v. Pryor, 315 F. App'x 149, 150 (11th Cir. 2008) (*per curiam*) (plaintiff failed to exhaust administrative remedies because he did not file grievance at new facility following transfer).[5]

Plaintiff also argues he was not required to file a grievance at Wheeler regarding his dental issues because he notified Defendants Clark and Peacock personally of his condition and need for dentures. (Doc. no. 42, pp. 2-3.) However, Plaintiff was required to utilize the administrative processes available to him and comply with all procedural rules for filing grievances at Wheeler in order to satisfy the exhaustion requirement. See Woodford, 548 U.S. at 90-93; Johnson, 418 F.3d at 1159. Plaintiff was clearly familiar with grievance procedures at Wheeler, which were the same as those at Georgia State Prison under the SOP, and in fact he utilized the grievance process at Wheeler regarding his alleged shoulder condition. (Doc. no. 40, p. 13.) Plaintiff merely chose not to utilize

---

[5] See also Nelson v. Person, No. CV 411-119, 2011 WL 3320529, at *2 (S.D. Ga. June 13, 2011) (prisoner's transfer from jail to state prison did not relieve him of exhaustion obligation at new facility); Prickett v. Lawson, No. 607CV041, 2008 WL 5046063, at *3 (S.D. Ga. Nov. 24, 2008) (prisoner who filed case from different prison than where claims arose was not excused from exhausting administrative remedies).

the grievance process at Wheeler regarding his dental issues, and his attempts to notify Defendants Clark and Peacock of his condition by means outside of the grievance process do not constitute exhaustion of his administrative remedies. In sum, Plaintiff failed to properly exhaust his claims against Defendants Clark and Peacock in accordance with § 1997e(a).[6]

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the motion for summary judgment be **GRANTED**, and that a final judgment be **ENTERED** in favor of Defendants Clark and Peacock.

SO REPORTED and RECOMMENDED this 15th day of May, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[6] Because the Court concludes that Defendants Clark and Peacock are entitled to summary judgment based on Plaintiff's failure to exhaust his administrative remedies, the Court will not address Defendant Clark's alternative ground for summary judgment.