IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| DUNCAN STONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 312-091 |
| ) | |
| SHARON LEWIS, Medical Director, ) | |
| Georgia Department of Corrections, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Wheeler Correctional Facility ("Wheeler") in Alamo, Georgia, filed this case pursuant to 42 U.S.C. § 1983 and is proceeding *pro se* and *in forma pauperis*. Defendant Sharon Lewis moves for summary judgment. (Doc. no. 58.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the motion for summary judgment be **GRANTED**, a final judgment be **ENTERED** in favor of Defendant Lewis, and that this civil action be **CLOSED**.

## I. PROCEDURAL BACKGROUND

By Order dated March 26, 2013, United States District Judge Dudley H. Bowen, Jr., dismissed Plaintiff's deliberate indifference claim based on lack of treatment of an alleged shoulder condition, as well as several other claims not related to Plaintiff's medical treatment. (Doc. no. 19.) The Court allowed Plaintiff to proceed with the claim presently at issue for

deliberate indifference to a serious medical need, which alleges a significant delay in Plaintiff receiving dentures. Plaintiff asserts this claim against Defendant Pat Clark, Wheeler Medical Director, Dr. Mark Peacock, a dentist at Wheeler, and Sharon Lewis, Georgia Department of Corrections ("GDC") Medical Director. (Doc. no. 16.)

Defendant Lewis moved to dismiss Plaintiff's claims, arguing Plaintiff had improperly attempted to hold her liable on theories of vicarious liability or respondeat superior and that she was entitled to the protections of qualified immunity. (Doc. no. 30.) Judge Bowen denied the motion, explaining, in part, that "[d]iscovery is needed to determine Defendant's actual role, if any, in events that relate to Plaintiff's claim." (Doc. no. 46, p. 3.) Judge Bowen granted summary judgment to Defendants Clark and Peacock based on Plaintiff's failure to properly exhaust his administrative remedies. (Doc. nos. 52-55.) Indeed, while Plaintiff filed a grievance concerning the delay in receiving dentures while at Georgia State Prison, he never filed a grievance concerning this issue upon his transfer to Wheeler, where Defendants Clark and Peacock worked. (Doc. no. 52, p. 8; doc. no. 54.)

## II. FACTS

Now that the case is at the summary judgment stage, the evidentiary record and undisputed facts provide a more detailed picture of events relating to Plaintiff's claim against Defendant Lewis. Before describing the summary judgment record, it is important to note that where Plaintiff has failed to properly dispute a material fact in Defendant Lewis's statement, (doc. no. 58-1), the Court has deemed that fact undisputed pursuant to Fed. R. Civ. P. 56(e) and Williams v. Slack, 438 F. App'x 848, 849 (11th Cir. 2011).

Between May 12, 2010, and May 22, 2011, while incarcerated at Coastal State Prison, a dentist pulled out nine of Plaintiff's teeth because of class three periodontal disease, including all of his upper teeth and all but six bottom teeth. (Doc. no. 58-5, Pl.'s Dep., p. 12, ll. 18-25; doc. no. 58-6, Kramer Aff. ¶ 8.) The dentist who pulled the teeth told Plaintiff he would have dentures in four months. (Pl.'s Dep., p. 18, ll. 11-13.) Plaintiff transferred to Georgia State Prison on June 24, 2011, and prison officials put him on the denture waiting list on August 10, 2011. (Doc. no. 58-3, p. 3; Kramer Aff. ¶ 10.) While at Georgia State Prison, Plaintiff had problems with bleeding, swelling, facial sores, and stomach problems including heartburn and nausea, but he only reported the stomach problems to non-dental medical staff. (Pl.'s Dep., pp. 16, ll. 18-25 to p. 17, ll. 1-12.) Plaintiff never discussed any difficulty posed by not having dentures with non-dental medical providers. (Id.) During his one visit with the dentist at Georgia State Prison, when he complained about his bleeding gums, the dentist told Plaintiff he was on the waiting list for dentures. (Id. at 18, ll. 1-25.)

Plaintiff transferred to Wheeler on March 15, 2012, and prison officials put him on the denture waiting list on April 17, 2012. (Doc. no. 58-3, p. 3; Kramer Aff. ¶ 11.) The dentist at Wheeler told Plaintiff he would have to wait three years for his dentures because the state was not providing money for teeth. (Doc. no. 14, pp. 8-9.) Specifically, Plaintiff maintains the official response from the Warden regarding the request for dentures explained "the State does only two sets of dentures per month" at Wheeler. (Id. at 10.) GDC Standard Operating Procedure ("SOP") VH66-0001, § VI(C)(3)(g) states that GDC inmates who "are completely edentulous in one or both arches and who do not have serviceable dental appliances will have the opportunity to acquire complete dentures within the capability of Dental Services." (Doc. no.

58-7, SOP VH66-0001.) Plaintiff received dentures on October 15, 2013, more than two years after the dentist at Coastal State Prison completed the removal of nine teeth and more than a year after Plaintiff initiated this lawsuit. (Pl.'s Dep., p. 19, ll. 9-12.)

Defendant Lewis is the medical director for GDC. (Doc. no. 58-4, Lewis Aff. ¶ 4.) She plays no role in drafting, approving, or implementing any GDC SOP governing dental care for inmates incarcerated by GDC, and she does not oversee dental services provided within GDC or review inmate grievances related to dental care or policies, including policies related to dentures. (Id. ¶¶ 5-7.) GDC has a dental director who oversees dental services. (Id. ¶ 5.) Defendant Lewis does not know Plaintiff, has not directly provided any medical or dental care to Plaintiff, and has not reviewed any grievance by Plaintiff related to dental care, dental treatment, or dentures. (Lewis Aff. ¶ 8, 9; Pl.'s Dep., p. 20, ll. 23-25.) Cynthia Distlear, GDC Dental Director in 2013, not Defendant Lewis, denied Plaintiff's grievance appeal regarding his placement on the waiting list for dentures. (Pl.'s Dep., Ex. 1.)

Plaintiff and Defendant have never met. (Pl.'s Dep., p. 20, ll. 21-22.) Plaintiff sued Defendant Lewis because she is the medical director and "[s]omebody somewhere has got to be in charge." (Id. at ll. 15-20.) Plaintiff's only basis of knowledge for his contention that Defendant Lewis is involved in the formulation of GDC policy regarding dental care is that he read somewhere her job is to look over the medical policies and "make sure the policies for inmates is whatever." (Id. at 21, ll. 4-14.)

**III. DISCUSSION**

    **A.    Summary Judgment Standard.**

Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). When seeking summary judgment, the movant must show, by reference to materials on file, that there are no genuine issues of material fact to be decided at a trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). Only disputes about material facts are important. "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1244 (11th Cir. 2003) (citation omitted).

If the burden of proof at trial rests with the movant, to prevail at summary judgment, the movant must show that, "on all the essential elements of its case . . . , no reasonable jury could find for the nonmoving party." United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1438 (11th Cir. 1991) (*en banc*). On the other hand, if the non-moving party has the burden of proof at trial, the movant may prevail at summary judgment either by negating an essential element of the non-moving party's claim or by pointing to specific portions of the record that demonstrate the non-moving party's inability to meet its burden of proof. Clark, 929 F.2d at 606-08 (explaining Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970) and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)).

If the moving party carries the initial burden, then the burden shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark, 929 F.2d at 608. The non-moving party cannot carry its burden by relying on

the pleadings or by repeating conclusory allegations contained in the complaint. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981). Rather, the non-moving party must respond either by affidavits or as otherwise provided in Fed. R. Civ. P. 56. "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (quoting Adickes, 398 U.S. at 158-59). A genuine dispute as to a material fact is said to exist "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

### B. Deliberate Indifference Standard.

To prevail on a claim for deliberate indifference to a serious medical need, Plaintiff must prove that: (1) he had a serious medical need –the objective component, (2) a defendant acted with deliberate indifference to that need – the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010) (explaining that in addition to objective and subjective components of Eighth Amendment claim, a plaintiff must "show a causal connection between the constitutional violation and his injuries" to prevail on any § 1983 claim).

To satisfy the objective component regarding a serious medical need, a prisoner must demonstrate that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)). To satisfy the subjective component that a defendant was deliberately indifferent to his serious medical need, Plaintiff must show that person: (1) was

subjectively aware of a serious risk of harm, (2) disregarded that risk (3) by following a course of action which constituted "more than [gross] negligence." Id. at 1326-27.

In addition, a plaintiff alleging liability for deliberate indifference based on a delay in medical treatment "must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." Hill, 40 F.3d at 1188, *abrogated in part on other grounds by* Hope v. Pelzer, 536 U.S. 730, 739 n.9 (2002); see also Farrow v. West, 320 F.3d 1235, 1244 n.12 (11th Cir. 2003) ("In Hope v. Pelzer, 536 U.S. 730, 122 S. Ct. 2508, 153 L.Ed.2d 666 (2002), the Supreme Court criticized part of the qualified immunity analysis in Hill, but not Hill's analysis of what constitutes a serious medical need of prisoners."). Whether such delay amounts to deliberate indifference to a serious medical need depends on the length of the delay as well as "the nature of the medical need and the reason for the delay." Farrow, 320 F.3d at 1247.

### C. Supervisory Liability Standard under §1983.

"Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Florida Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) ("Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Therefore, to hold Defendant Lewis liable, Plaintiff must demonstrate that either (1) Defendant actually participated in the alleged constitutional violation, or (2) there is a causal connection between Defendant's actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).

The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and [s]he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

### D. The Undisputed Facts Show that Defendant Lewis Was Not Subjectively Aware of Any Serious Risk of Harm to Plaintiff and Had No Supervisory Responsibility for Plaintiff's Dental Care.

Even assuming Plaintiff has demonstrated a serious medical need under the first element of a deliberate indifference claim, it is undisputed that Defendant Lewis had no subjective knowledge of Plaintiff's dental condition or the length of time he spent on a waiting list for dentures. Because Defendant Lewis was unaware of any risk of harm, there was no disregard of that risk. Likewise, it is undisputed that Defendant Lewis did not actually participate in the alleged constitutional violation and that there is no causal connection between her actions and the alleged constitutional violation. Thus, Defendant Lewis is entitled to summary judgment.

First, Defendant Lewis did not provide dental or medical care to Plaintiff. (Lewis Aff. ¶¶ 4-9; Pl.'s Dep., p. 20, ll. 23-25.) Indeed, Defendant Lewis and Plaintiff have never met. (Pl.'s Dep., p. 20, ll. 21-22.) Nor has Plaintiff refuted the sworn affidavit testimony that Defendant Lewis is not responsible for overseeing dental services provided to GDC inmates or reviewing grievances and appeals related to dental care, dental treatment, or dentures, including any grievance from Plaintiff related to his dentures. (Lewis Aff. ¶¶ 5, 7-8.) GDC has a dental director who oversees dental services, (id. ¶ 5), and it was the dental director who denied Plaintiff's grievance related to his placement on the waiting list for dentures, (Pl.'s Dep., Ex. 1). It is thus undisputed that Defendant Lewis had no personal involvement in any aspect of Plaintiff's dental care, including the decision to delay for two years the provision of dentures.

Likewise, there is no evidence of any custom or policy adopted by or known to Defendant Lewis that caused a delay in Plaintiff obtaining dentures. Plaintiff asserts, without benefit of evidence, that Defendant Lewis played a role in formulating the SOP policy related to the provision of dentures "within the capability of Dental Services." However, the sworn affidavit testimony of Defendant Lewis is that she was not involved in drafting, approving, or implementing any policy related to dental care for GDC inmates. (Lewis Aff. ¶ 6.) Simply relying on the conclusory allegations in the pleadings that Defendant Lewis is in charge of dental policies, practices, and regulations within the GDC will not suffice at summary judgment. See Morris, 663 F.2d at 1034.

Similarly, Plaintiff has produced no evidence suggesting any "history of widespread abuse," Brown, 906 F.2d at 671, or that Defendant Lewis "directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from

9

doing so," Cottone, 326 F.3d at 1360. To the contrary, as discussed above, Defendant Lewis plays no role in overseeing dental services in any Georgia prison or formulating dental policy for GDC inmates. (Lewis Aff. ¶¶ 5-6.)

Citing Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176 (11th Cir. 1994), Plaintiff argues Defendant Lewis is not entitled to summary judgment because he waited two years for dentures. The argument ignores the undisputed fact that Defendant Lewis does not direct the manner in which dental services are provided to GDC inmates and has no personal knowledge of Plaintiff's specific dental needs. Plaintiff is also mistaken in his reliance on Greason v. Kemp, 891 F.2d 829 (11th Cir. 1990). In Greason, the court denied summary judgment to the director of mental health for GDC where the record showed he "was aware of many conditions" in a facility "that could lead to grossly inadequate medical care." Greason, 891 F.2d at 839. Here, in contrast, there is no evidence of pervasive inadequacies in dental care or that Defendant Lewis knew of any such inadequacies. In addition, it is undisputed that Defendant Lewis has no authority over dental policies or practices.

Plaintiff attempts to draw a connection between Defendant Lewis and his denture problem by alleging that, as the medical director, the problem fell within her area of responsibility when Plaintiff, while at Georgia State Prison, complained to medical staff about heartburn and stomach problems Plaintiff now claims were side effects of having no dentures. Plaintiff does not provide evidence to show that Defendant Lewis knew about the complaints. In fact, Plaintiff testified that he never spoke with a medical doctor at Georgia State Prison about his association of any adverse physical effects with not having dentures. (Pl.'s Dep., p. 16, ll. 7-25 to p. 17, ll. 1-12.) Finally, because it is undisputed that Defendant Lewis is not responsible for dental services, there is no basis to hold her

liable for the delay in Plaintiff receiving dentures merely because he suffered medical side effects.

In sum, when drawing all justifiable inferences in Plaintiff's favor, no genuine dispute of material fact remains as to Plaintiff's deliberate indifference claim against Defendant Lewis, and she is entitled to summary judgment. In light of this conclusion, it is unnecessary to address the merits of Plaintiff's request for injunctive relief and Defendants' assertion of qualified immunity. (Doc. no. 58-2, pp. 5-6, 11-14.)

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the motion for summary judgment be **GRANTED** (doc. no. 58), that a final judgment be **ENTERED** in favor of Defendant Lewis, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 26th day of January, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA